IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,               No. CR S-03-0524 WBS EFB

    vs.

MICHAEL ANTHONY BLACK,

    Movant.                  FINDINGS AND RECOMMENDATIONS

_____/

       Movant, a federal prisoner without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent moves to dismiss this action on the grounds that his motion is untimely, movant waived any right to file a § 2255 motion, and his claims are meritless. Movant opposes the motion to dismiss. For the reasons explained below, the court finds that the § 2255 motion must be dismissed as untimely.

       On December 12, 2004, after movant pleaded guilty to being a felon in possession of a firearm, the assigned district judge entered judgment in movant's criminal case. *See* Dckt. No. 26. On December 30, 2004, movant appealed the judgment; on August 8, 2005, the United States Court of Appeals for the Ninth Circuit dismissed his appeal. *See* Dckt. Nos. 27, 37.

       More than five years later, movant filed two documents, a May 7, 2010 motion to vacate, set aside or correct his sentence, and a September 19, 2010 motion to compel specific

1

performance of a plea agreement, asking that the court "recharacterize his 'Motion for Habeas Relief Under 28 U.S.C. § 2255 . . . ,' as an action to resuscitate and enforce his procedurally tainted plea bargain and agreement," and citing *Santobello v. New York*, 404 U.S. 257, 262 (1971). The court construed these documents together as a motion under 28 U.S.C. § 2255. *See* Dckt. No. 44.

28 U.S.C. § 2255(f) provides that a one-year limitations period to file a motion to vacate, set aside or correct a sentence begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Assuming the limitations period was triggered in this case by section (1) above, as respondent argues, the judgment of movant's conviction became final on August 8, 2005, when the Court of Appeals dismissed his appeal. *See* Dckt. No. 37. Movant therefore had until August 8, 2006 to file the motion to vacate, set aside or correct his sentence. He did not file the first of the two documents described above until May 7, 2010. Unless movant is entitled to a later start of the limitations period, his motion is nearly four years late.

In his opposition to respondent's motion to dismiss, movant does not counter respondent's argument that his motion is untimely. Nor does movant argue that he is entitled to tolling of the statute of limitations. He writes that he became aware that "the federal judgment filed in [this] . . . case was incorrect" at a meeting of the Bureau of Prison Staff. Dckt. No. 51 at 1. If the facts supporting this claim could not have been discovered earlier through the exercise of due diligence, and the meeting in question was on or after May 7, 2009, the motion would be

2

timely. However, movant gives no indication when the Bureau of Prison Staff meeting occurred, and does not claim that he could not have discovered the facts at issue sooner.[1]

Movant argues in his motion to set aside, vacate or correct his sentence that the statute of limitations does not bar his claims because he can show "cause for default, and actual prejudice" as well as a "fundamental defect resulting in a complete miscarriage of justice." Dckt. No. 41 at 3. These arguments would have relevance to a motion to dismiss based on procedural default but have no application here. This motion to dismiss argues that movant's claims are untimely; there simply is no issue of procedural default.

Movant also argues that his filings are not a motion under 28 U.S.C. § 2255, but rather a request under "Rule 35(c)" to amend or correct this court's judgment. Dckt. No. 51 at 2. Movant appears to be referring to Fed. R. Crim P. 35(a), which provides that within 14 days of sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. Clearly, the time limit for presenting a motion under this rule has long since expired and any such motion is untimely.

Movant also styles his filing as an action to enforce his plea bargain pursuant to Fed. R. Crim. P. 11, rather than a motion under section 2255. Dckt. No. 43 at 1. He seeks an order from this court "executing his federal sentence concurrent with his (already served) state sentence–thereby giving full effect to his plea bargain and agreement." *Id.* at 1-2. Movant appears to be attempting to circumvent the limitations period on a section 2255 motion by characterizing his pleadings as something other than a motion to vacate, set aside or correct his sentence. But the transcript of movant's sentencing hearing shows that the sentencing judge stated: "I'm going to impose the judgment as follows: It is the judgment of the Court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of

---

[1] Such a claim appears implausible. As the exhibits attached to respondent's motion to dismiss reflect, the sentencing judge explained that movant's federal sentence was to be served consecutively to his state sentence. *See* Dckt. No. 41-1 at 45.

3

120 months.  That will run consecutive to the state sentence . . . ." Dckt. No. 41-1 at 45.  Thus, movant's request to have his federal sentence run concurrent to his state sentence–which is the relief he seeks in both of his filings–is plainly a request to correct or set aside his sentence and is properly brought under section 2255.

This section 2255 motion is untimely, and respondent's motion to dismiss should be granted.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, Dckt. No. 46, be granted;

2. Movant's motion to vacate, set aside or correct sentence, Dckt. No. 41, and his motion to compel specific performance, Dckt. No. 43, be denied; and

3. The Clerk be directed to close the companion civil file, No. Civ. S-10-1140 WBS EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 22, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE